
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TIMOTHY P. BRANIGAN** | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Civil No. PJM 06-2703 |
| **CECILIA GERSTNER,** | * | |
| | * | |
| Appellee. | * | |

## MEMORANDUM OPINION

The Trustee has appealed two Bankruptcy Court Orders, one overruling his objection to confirmation of the Debtor's Chapter 13 Plan and the other eventually confirming the Plan. On January 10, 2007, the Court heard oral argument on the appeal and took the matter under advisement. For the reasons set forth below, the Court AFFIRMS the Bankruptcy Court as to both orders.

**I.**

To effectuate their marital separation, Cecilia Gerstner ("the Debtor") and her husband, Joseph Gerstner, executed a Property Settlement Agreement ("the Agreement") dated October 9, 2004. Among other things, the Agreement provides that:

> The parties hereto now jointly own a fifty percent (50%) interest in the real property located at 6841 St. Albans Road, McLean, Virginia. The Husband's mother owns the remaining fifty (50%) interest in the aforesaid property. The parties agree that the Wife has a one-half interest in the aforesaid 50% interest (i.e. a 25% interest) in the above mentioned real estate. The Husband agrees that he shall be responsible to pay the parties' share of the mortgage payments . . . The Wife agrees that she shall not occupy the aforesaid premises . . . .

On February 28, 2005, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The McLean property was listed on Schedule A of her petition and claimed as

an exemption as a tenancy by the entireties property on Schedule C. On April 15, 2005, the Debtor attended her first and only Meeting of Creditors. At that hearing, the Trustee was informed of the Debtor's marital situation, including the existence of the Agreement.

Within thirty days of the Meeting of Creditors, on May 4, 2005, the Trustee filed an Objection to Debtor's Chapter 13 Plan, stating:

> The Debtor has failed to provide her 2004 federal and state tax returns, a copy of her domestic property settlement and an explanation of all debts against the realty as requested by the Trustee at the meeting of creditors. At this time the Debtor has failed to fully cooperate with the Trustee as required under section 521(3) of the Bankruptcy Code.

The Objection further stated that, "The Debtor has not adequately provided the market value of scheduled real property. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code." Apart from this brief mention of the Debtor's failure to provide a copy of the Agreement to the Trustee, no objection was made to the claimed exemption of the property as being held as a tenancy by the entireties or to the Debtor's ownership interest in the property until June 14, 2005, more than 30 days from the Meeting of Creditors. Prior to that time, the Trustee did not request an extension of time in which to review the Agreement to determine whether an objection to the claimed exemption was warranted.

On June 14, at a hearing before Judge Alquist on the Objection, the Trustee for the first time asserted that the Agreement created a tenancy-in-common interest in the real estate and sought to invalidate it. Judge Alquist continued the hearing to allow for briefing on the issue. Following a July 28, 2006 hearing on the matter, by Order entered July 31, 2006, Judge Lipp held that the Debtor's tenancy-by-the-entirety interest was not severed by the terms of the Agreement and overruled the Trustee's Objection. Thereafter, by order entered September 12, 2006, Judge Lipp

confirmed the Debtor's Chapter 13 Plan. On September 21, 2006, the Trustee filed his appeal from both Judge Lipp's Order of July 31, 2006 and her Order of September 12, 2006.

**II.**

The Court took the matter under advisement to consider issues raised at oral argument, including (1) the timeliness of the appeal, (2) the standard of review to be applied and (3) whether the language of the Agreement gives the Debtor the right to force the sale of the property against her husband and, if so, the implications that that outcome would have for the type of tenancy created by the Agreement. The Court, however, reaches none of these questions, since it concludes that the Trustee's Objection to the Debtor's claimed exemption was untimely, in consequence of which this Court lacks jurisdiction to hear the matter.

Under Bankruptcy Rule 4003, "A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded." 11 U.S.C. § 4003(b). Notably, the Court may extend the time for filing objections if "before the time to object expires, a party in interest files a request for the extension." *Id.* This 30-day deadline has been strictly construed. In *Taylor v. Freeland & Kronz*, the Supreme Court held that the failure of a party to timely raise an objection prevents him from later challenging the validity of the claimed exemption. 503 U.S. 638, 642 (1992). It is now well-settled that property that a debtor *claims* as exempt *becomes* exempt when no objection is timely raised. 11 U.S.C. § 522(l) ("Unless a party in interest objects, the property claimed as exempt . . . is exempt"). *See also In re Gamble*, 168 F.3d 442, 444 (11th Cir. 1999); *In re Morgan*, 299 B.R. 118, 125 (Md. 2003). In applying *Taylor*, several courts have made clear that the right to object is forfeited if the objection is not timely filed, regardless of the merits of the underlying exemption; indeed, they have explained

that, under *Taylor,* in the absence of timely objection, even wholly meritless exemptions must be accepted. *See, e.g., Coie v. Sadkin*, 36 F.3d 473, 478 (5th Cir. 1994) ("Even if the disputed exemption is wholly without merit and devoid of a statutory basis, *Taylor* still holds that the claim is exempt under Section 522(l) because of the late objection"); *In re Kwiecinski*, 245 B.R. 672, 675 (B.A.P. 10th Cir. 2000) (noting that in the absence of timely objection, the bankruptcy court was required to accept the validity of exemption claim even if applicable state law provided no good faith basis for it); *In re Harrell*, 212 B.R. 174, 176 (Bankr. D. Ga. 1997) ("Had the Trustee timely objected, the Debtor's exemption could have been precluded . . . However, the Trustee did not file a timely objection to the claimed exemption or request an extension of time to file.  The Trustee is therefore barred from challenging the exemption").

## III.

The Trustee has argued, in his briefs both before the Bankruptcy Court and before this Court, that he is not required to object to exemptions that do not exist or are inaccurately claimed by a debtor.  The Debtor here, he says, in fact owned a tenant-in-common interest in the McLean property and did not claim an exemption for that tenant-in-common interest.  The Trustee asserts that he could not object to the tenancy-by-the-entirety interest claimed by the Debtor because the Debtor did not possess such a tenancy.

This reasoning makes no sense.  In effect, the Trustee argues that so long as property claimed as an exemption is arguably not exempt, he has no obligation to object to the claim of exemption.  This argument totally eviscerates the rule requiring an objection to a claimed exemption to be filed within 30 days of the Meeting of Creditors.  Indeed, it is precisely the type of exemption claimed in this case that should prompt a Trustee to invoke his objection rights if

the Trustee disagrees with the characterization of property.  The Trustee cites no case law for the extraordinary proposition that he floats.  As borne out by the cases discussed above, regardless of the merits of the claim, the Trustee is required to file a timely objection if he wishes to preserve his right to challenge exemptions claimed by debtors.

The Trustee also argued in his brief before the Bankruptcy Court that he could not have objected "until the Debtor supplied a copy of the Agreement."  The Court finds this argument to be disingenuous.  While it is true that the Trustee had to file an objection to the plan in order to obtain a copy of the Agreement, he had at least two courses of action open to him at that juncture.  First, in order to preserve his right to challenge the claimed exemption, he could have filed an objection to it with the Agreement remaining sight-unseen.  The second and more practical route would have been for the Trustee to seek an extension of time in which to file an objection to the claimed exemption, in order to allow time in which to review the Agreement and make a determination as to whether the tenancy by the entireties designation for the property was valid.  The Trustee failed to pursue either option.

**IV.**

Since the Trustee did not specifically object to the exemption claimed for the tenancy by the entireties property, "his failure to do so prevents him from challenging the validity of the exemption now." *Taylor,* 503 U.S. at 642.

For these reasons, both Bankruptcy Orders appealed from are AFFIRMED. A separate Order will ISSUE.

**January 12, 2007**

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**